```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

UNITED STATES OF AMERICA      :
                              :
                              :
          v.                  :     Case No. 2:23-cr-00015-2
                              :
MAGGIE JOHNSON,               :
                              :
          Defendant.          :
```

**OPINION AND ORDER**

Defendant Maggie Johnson has moved the Court to suppress evidence obtained as a result of a search warrant dated November 22, 2022, for a residence at 234 South Champlain Street, Burlington, Vermont. For the reasons set forth below, Defendant's motion to suppress is **denied.**

**BACKGROUND**

On November 22, 2022, following a six-week investigation, Detective Trooper Brandon Degre of the Vermont State Police ("VSP") applied for a warrant to search the Defendant's residence at 234 South Champlain Street, Unit 207. Detective Trooper Degre's affidavit in support of the search warrant supplied the following facts.

As part of a long-term VSP investigation of alleged illegal distribution of controlled substances by the Defendant and another individual known as "Lo", a cooperating individual ("CI") engaged in several controlled purchases of drugs from the

Defendant under the supervision of law enforcement. The first purchase took place on October 9, 2022. According to the affidavit, the CI, having been equipped with video and audio recording equipment by law enforcement, purchased crack cocaine from the Defendant using funds provided by law enforcement. During the week of November 13, 2022, the CI coordinated and completed a second controlled purchase of drugs from Lo and the Defendant. The CI informed law enforcement that it knew Lo and the Defendant to be residing in a unit at 234 South Champlain Street. That same week, the CI conducted a third controlled purchase of drugs from Lo while wearing audio and video recording equipment, after which law enforcement observed Lo travel directly from the location of the transaction to a location at 234 South Champlain Street. Law enforcement officers also learned from the property manager for 234 South Champlain Street that Defendant was the occupant of Unit 207. Law enforcement reviewed security footage of the apartment building's common space and observed footage of Lo exiting and entering Unit 207 on an unknown date.

    The affidavit additionally relayed Detective Trooper Degre's personal knowledge that, based on his training, experience, and experience, "drug traffickers and distributors normally keep their drugs in their homes [or] on their property." ECF No. 18-1 at 1.

Based on the facts asserted in Detective Trooper Degre's affidavit, Judge Gregory Rainville of the Vermont Superior Court found probable cause and issued a warrant authorizing the search of 234 South Champlain Street, Unit 207. The search produced approximately 190 grams of crack cocaine, a loaded handgun, cash, a money counter, plastic sandwich bags, and digital scales.

## **LEGAL STANDARD**

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The judge considering a search warrant application must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "A search warrant affidavit is presumed reliable." *United States v. Klump*, 536 F.3d 113, 119 (2d Cir. 2008) (citation omitted).

The District Court's review of an issued and executed search warrant begins "with the proposition that the magistrate's finding of probable cause is entitled to substantial deference." *United States v. Travisano*, 724 F.2d

342, 345 (2d Cir. 1983). This probable cause standard requires "only the probability, and not a prima facie showing, of criminal activity." *Id.* at 235 (quotation omitted). Accordingly, this Court's after-the-fact review of a warrant application serves "simply to ensure that the magistrate judge had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Gates*, 462 U.S. at 238 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).

## DISCUSSION

Defendant first argues that the warrant to search 234 South Champlain Street, Unit 207 was not supported by probable cause. Defendant's motion raises several flaws in the finding of probable cause in this case, none of which persuade the Court that the judge's finding of probable cause should be called into question.

First, Defendant argues that an error in the search warrant application causes confusion. This error, a reference to a vehicle on the cover sheet of the search warrant application, is most likely the result of a typographical mistake. The Court finds this vehicle reference insufficient to create any confusion or to undermine the judge's finding of probable cause when the remainder of warrant application and supporting affidavit clearly request permission to search Unit 207 of the apartment complex.

4

Next, Defendant finds fault in the affidavit's lack of direct evidence of drugs in Unit 207, including no evidence of drug sales in or near Unit 207, of deliveries to Unit 207, or of Lo or the Defendant possessing drugs while in Unit 207. Defendant additionally points out the affidavit's failure to identify the dates and times that Lo was viewed on video entering and exiting the premises, and claims a lack of evidence establishing that Lo was a resident of Unit 207.

Nonetheless, the Court concludes that the affidavit provided a "substantial basis" for the issuing judge to have found probable cause to search premises. The affidavit supporting the warrant application provided details of a six-week investigation that immediately preceded the request for a warrant. The affidavit included evidence that Defendant had sold drugs within six weeks of the warrant application, that Defendant was a current resident of Unit 207, and that Lo had twice sold drugs within two weeks of the warrant application and travelled to that same apartment complex, where he was alleged to be residing, immediately following one such sale of drugs to the CI. These facts are sufficient for a finding of probable cause. The affidavit's lack of evidence of drugs within Unit 207 does not undermine the judge's finding of probable cause to search the premises for evidence of illegal drug activity in this case.

In sum, the "totality of the circumstances set forth in the affidavit" supported the judge's conclusion there was probable cause to believe that evidence of a crime would be found in Unit 207 of 234 South Champlain Street. *United States v. Evans*, No. 2:07-CR-34, 2008 WL 1858897, at *3 (D. Vt. Apr. 24, 2008).

Finally, the Court finds no support for Defendant's contention that the exclusionary rule applies here. Under the *Leon* good faith exception, evidence obtained by officers acting in objectively reasonable good faith reliance on the validity of a defective warrant is admissible unless the affidavit supporting the warrant application was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Leon*, 468 U.S. 897, 924 (1984). According to Defendant, the exclusionary rule should apply here because the affidavit provided only conclusory allegations as to evidence of criminal activity in Unit 207, and as such, no reasonable officer could execute the warrant in good faith. To the contrary, Detective Trooper Degre's affidavit attested to the details of a thorough investigation into illegal drug sales by Defendant and Lo. That investigation, as recounted in the affidavit, provided sufficient factual support for a finding of probable cause that evidence of Defendant and Lo's illegal drug sales would be found in Unit 207.

Accordingly, the Court concludes that the executing officers' reliance on the warrant to search Unit 207 was objectively reasonable in this circumstance.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to suppress any and all items seized during the search of 234 South Champlain Street, Unit 207 is **denied.**

SO ORDERED.

DATED at Burlington, in the District of Vermont, this 5th day of September, 2023.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge
